RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0034P (6th Cir.)
File Name: 01a0034p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
   *Plaintiff-Appellee,*

   *v.*

BOBBY HOWARD COOK,
   *Defendant-Appellant.*

No. 99-5967

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 96-00031—Thomas G. Hull, District Judge.

Argued: October 27, 2000

Decided and Filed: February 2, 2001

Before: GUY and NORRIS, Circuit Judges; HOOD,[*]
District Judge.

———————————

## COUNSEL

**ARGUED:** Nikki C. Pierce, FEDERAL DEFENDER
SERVICES, Greeneville, Tennessee, for Appellant. Mary M.
Aubry, ASSISTANT UNITED STATES ATTORNEY,

———————————

[*] The Honorable Joseph M. Hood, United States District Judge for the
Eastern District of Kentucky, sitting by designation.

1

Knoxville, Tennessee, for Appellee. **ON BRIEF:** Nikki C. Pierce, FEDERAL DEFENDER SERVICES, Greeneville, Tennessee, for Appellant. Sarah R. Shults, ASSISTANT UNITED STATES ATTORNEY, Greeneville, Tennessee, for Appellee.

———————————

## OPINION

———————————

JOSEPH M. HOOD, District Judge. This is an appeal from a decision of the district court re-sentencing the defendant upon remand from this Court. For the reasons which follow, we affirm the decision of the district court.

On February 24, 1997, the defendant, Bobby Howard Cook, (hereinafter "Cook"), entered a conditional guilty plea on one count of receiving child pornography through the mail in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Prior to sentencing, a presentence investigation report (PSR) was prepared. (JA 200.) The base offense level of 15, U.S.S.G. § 2G2.2, was increased two levels for involvement of a minor under age twelve, U.S.S.G. § 2G2.2(b)(1), and five levels for a pattern of activity involving the sexual abuse or exploitation of minors, U.S.S.G. § 2G2.2(b)(4), giving a total offense level of 22. The PSR also determined that an adjustment for acceptance of responsibility was not warranted, and that Cook fell into criminal history category II due to his conviction on three state counts of sexual battery. (JA 208.) However, following the government's objection to the PSR, the district court agreed that the five level enhancement was inapplicable, thus reducing the offense level to 17. The lower court then determined the proper sentencing guideline range to be 27 to 33 months, and sentenced Cook to 33 months imprisonment, to be served consecutively with his state sentence.

Most importantly, for this appeal, the district court rejected Cook's contention that he should receive a three level acceptance of responsibility reduction because he had admitted the federal criminal conduct with which he had been

or exceptional when compared to the rehabilitation of other defendants." *Rudolph*, 190 F.3d at 728. Voluntary participation in a treatment program for sexual offenders, while praiseworthy, does not appear sufficiently exceptional to qualify for a downward departure. *See United States v. Johnson*, No. 98-2212, 2000 WL 222572 at *7 (6th Cir. 2000) (unpublished decision) (holding alternatively that there was no rehabilitation where the defendant participated in counseling, obtained a GED, and completed several vocational programs).

### III.

### Conclusion

The decision of the district court is **AFFIRMED**.

charged. After a hearing the court stated that it would "adhere to its original position" set forth in its order of June 24, 1997. (JA 125.) That order contained no factual findings relating to acceptance of responsibility, and stated simply that the court adopted the findings of the PSR except that "the total offense level is calculated to be 17 and the range is determined to be 27 to 33 months." (JA 47.) Cook then timely appealed on several grounds, including the district court's failure to grant a three level acceptance of responsibility reduction.

This Court affirmed the district court's determination that Cook had "knowingly" received child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), but vacated his sentence and remanded for specific factual findings regarding Cook's acceptance of responsibility as required by Fed. R. Crim. P. 32(c). *United States v. Cook*, No. 97-5943, 1999 WL 220116 (6th Cir. Apr. 7, 1999) (unpublished decision). The mandate of this Court was: "we AFFIRM Cook's conviction but VACATE his sentence and remand to the district court for re-sentencing in accordance with Fed. R. Crim. P. 32(c) and this opinion." *Cook*, 1999 WL 220116 at *5. In the body of its opinion this Court also indicated that "[t]here is sufficient evidence in the record to demonstrate that the district court would not have committed clear error in denying a reduction for acceptance of responsibility for the specific crime alleged in this case." *Cook*, 1999 WL 220116 at *4.

Upon remand a new sentencing hearing was held, and evidence was presented of Cook's post-sentence rehabilitation and acceptance of responsibility. This evidence indicated that Cook had expressed recognition of, and regret for, his actions, and had voluntarily asked to join a treatment program for sexual offenders. (JA 63-65, 110-117.) The district court declined to grant Cook either a reduction for acceptance of responsibility or a downward departure for rehabilitation, stating that:

What makes this case interesting is that although there is now ample evidence in the record to support a finding

that Mr. Cook had not accepted responsibility for his federal offense at the time of his sentencing, and the Court does so find, there is also evidence that today Mr. Cook has fully accepted responsibility for both his federal and state offenses . . . . The Court is satisfied that Mr. Cook is now honestly facing up to his criminal conduct and has accepted responsibility for it. The real issue in this case, then, is whether or not the Court should amend Mr. Cook's original sentence to give him a two or three-level reduction in his total offense level to reflect this effort at rehabilitation.

There appears to be no dispute that Mr. Cook's acceptance of responsibility for his criminal conduct did not happen until approximately six months after his sentencing. In this Court's opinion, this post-judgment acceptance, while admirable, comes too late to merit a reduction in Mr. Cook's total offense level.

(JA 120.)    Cook now timely appeals from this order reimposing the original sentence of 33 months imprisonment.

Cook claims that the district court erred at re-sentencing when it refused to grant a reduction in his sentence based upon his post-sentencing acceptance of responsibility and when it declined to grant a downward departure for rehabilitation. Cook claims that the district court erroneously believed that it did not have the authority to reduce his offense level based upon his post-sentencing acceptance of responsibility or the authority to grant a downward departure based upon his post-sentence rehabilitation. Therefore, Cook argues that the district court's re-sentencing decision was incorrect because it failed to consider his post-sentence conduct in accepting responsibility for his crime and his efforts at rehabilitation. We do not agree and hold that the district court did not err.

by this court at the time of Cook's re-sentencing.[2] At the re-sentencing hearing the court appears to have asked counsel for Cook whether downward departures had been allowed by the Sixth Circuit in similar circumstances, to which counsel accurately responded that the issue had not been addressed by this court. (JA 157-58.) The subject then seems to have been dropped, without any statement from the court concerning its authority in relation to a downward departure for post-sentence rehabilitation.

The district court's repeated references to timeliness (JA 152, 156, 159.) could be indicative of a belief that the court lacked authority to grant Cook's motion for a downward departure based on post-sentence rehabilitation. But when Cook's attorney raised the issue of a downward departure the court asked if Cook had sufficient evidence in the record to support such a motion, and then added: "Okay. I just didn't want to decide it before you had an opportunity to amend." (JA 161.) The verb 'decide' suggests that the district court believed it had the authority to determine whether a downward departure was warranted. The fact that *Rudolph* was decided after Cook was re-sentenced makes the downward departure issue a close one. However, given the district court's use of the verb 'decide,' and the strong presumption that a district court's denial of a downward departure is based on an exercise of discretion, we believe that the district court's decision in this case is not subject to appellate review.

Moreover, even if the district court incorrectly believed itself to be without authority to grant a downward departure, remand would be unnecessary, as Cook's rehabilitative efforts were insufficient as a matter of law to justify a downward departure. In order for a departure to be granted, "the rehabilitation must far exceed that required for the acceptance of responsibility reduction . . . and must seem extraordinary

---

[2]The decision in *Rudolph* came approximately two months after Cook's re-sentencing.

*States v. Rudolph*, 190 F.3d 720, 725 (6th Cir. 1999). However, because the sentencing guidelines appear to take post-sentence rehabilitation into account, U.S.S.G. § 3E1.1, a departure is only warranted where "the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." *United States v. Koon*, 518 U.S. 81, 96, 116 S. Ct. 2035, 2045, 135 L.Ed.2d 392, 411 (1996); *Rudolph*, 190 F.3d at 725.

As noted above, a district court's decision not to grant a downward departure is normally not reviewable upon appeal. Here, however, Cook contends that the district court was unaware of its authority to grant a downward departure on the basis of post-sentence rehabilitation. (Cook Br. at 23.) In this instance the district court did not explicitly discuss its authority to grant a downward departure on the basis of his post-sentence rehabilitation, either in its order (JA 119-121.)[1] or at the re-sentencing hearing. (JA 160-61.) But an explicit invocation of authority is unnecessary, as "the district court need not explicitly state that it is aware of its discretionary power to depart downward; as long as the record makes clear such awareness . . . ." *United States v. Strickland*, 144 F.3d 412, 418 (6th Cir. 1998). Further, where explicit mention is not made of the court's power to depart downwards, "it should be assumed that the court in the exercise of its discretion found downward departure unwarranted." *United States v. Byrd*, 53 F.3d 144, 145 (6th Cir. 1995) *quoting United States v. Berrera-Barron*, 996 F.2d 244, 245 (10th Cir. 1993).

One unique aspect of this case, which may affect the presumptions discussed above, is that the question of whether a district court could grant a downward departure for post-sentence rehabilitation had not been conclusively addressed

---

[1]The district court simply indicated that it was considering Cook's motion for a downward departure. (JA 120.)

## I.

### Reduction for Acceptance of Responsibility

When a case is remanded back to the district court for re-sentencing, the district court makes a *de novo* review of the sentencing procedure unless limited by the remand order of the appellate court. This concept, coined the mandate rule, was articulated by this Court in *United States v. Moored*, 38 F.3d 1419 (6th Cir. 1994):

> [T]he mandate rule requires lower courts to adhere to the commands of a superior court. Accordingly, [u]pon remand of a case for further proceedings after a decision by the appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.

Id. at 1421 (citations omitted). *See United States v. Duso*, 42 F.3d 365, 368 (6th Cir. 1994); *United States v. Jennings*, 83 F.3d 145, 151 (6th Cir. 1996); *United States v. Rudolph*, 190 F.3d 720, 726 (6th Cir. 1999). In the *United States v. Campbell*, 168 F.3d 263 (6th Cir. 1999), this Court extensively discussed the mandate rule as it relates to re-sentencing. *Campbell* held that in determining whether a remand was limited or general, a district court was not restricted to the language contained in the mandate but, should look at any relevant language in the opinion and order. *Id*. at 266. Therefore we must consider this Court's opinion and order of remand to determine the limits of the remand.

Cook appealed his initial sentence arguing "that the district court either clearly erred by failing to reduce his offense level for acceptance of responsibility, or erred by failing to make specific findings regarding his acceptance of responsibility for the offense." *Cook,* 1999 WL 220116 at *5. The only explanation for its denial of defendant's motion for an acceptance of responsibility reduction is found in the district

court's judgment form, under the section "statement of reasons." The district court checked the box which states that "[t]he court adopts the factual findings and guideline application in the presentence report except:", underneath this statment, the court wrote "the total offense level is calculated to be 17 and the range is determined to be 27-33 months." (JA 41.) This Court held that this was an insufficient factual finding as to why the district court denied the motion of the defendant, in violation of Fed. R. Crim. P. 32(c)(1). On appeal, Cook argued that the district court erroneously relied upon his denial of responsibility for a related state court action in denying his motion, when the district court had already determined that the state court offense was irrelevant to his federal sentencing. *Cook,* 1999 WL 220116 at *5. This Court looked at the factual findings contained in the pre-sentence report and held that:

> There is sufficient evidence in the record to demonstrate that the district court would not have committed clear error in denying a reduction for acceptance of responsibility of the specific crime alleged in this case. While the presentence investigation report relied in part on Cook's conduct with respect to the state offenses, the report also relied on Cook's discrepancies in statements involving the conduct underlying this federal action. Also, the district court admitted into evidence Cook's psychosexual report which indicated that Cook was not treatable, in part because he denied having any sexual interest in children.

Id. It is apparent when the opinion is viewed as a whole that the case was remanded in order for the district court to make specific factual findings in accordance with Fed. R. Crim. P. 32(c)(1), as to why it denied Cook's motion for an acceptance of responsibility reduction. The opinion is concerned with why the district court made its decision at the time of initial sentencing, not whether there was enough evidence in the record to support its decision.

On remand the district court stated that it based its initial denial of an acceptance of responsibility reduction on Cook's evasiveness, his improbable explanations for his conduct underlying his federal charge and his general state of denial about all of his criminal offenses at the time of his original federal sentencing. (JA 118.) The district court reimposed its original sentence. *Id.* The district court did not reopen sentencing with regard to Cook. It simply gave an explanation for its original sentence as required by the mandate of this Court. It was reasonable for the district court to interpret the mandate as requiring a new sentence only if it had based its denial of an acceptance of responsibility reduction impermissibly on Cook's denial of responsibility of his state court claims. Because the scope of the mandate was limited to the determination of Cook's acceptance of responsibility at the time of initial sentencing, the district court was not in error in denying an acceptance of responsibility reduction at re-sentencing.

However, even if the district court could have considered evidence of Cook's post-sentence acceptance of responsibility, the district court still should not have granted the reduction. Expressions of regret and responsibility do not mandate reductions especially when they are expressed only belatedly. See *United States v. Williams*, 940 F.2d 176, 182 (6th Cir. 1991)("A letter sent prior to sentencing but after conviction does not reflect the type of timely acceptance of responsibility envisioned in the Sentencing Guidelines").

## II.

### Motion for a Downward Departure

A district court's failure to grant a downward departure may only be reviewed upon appeal if the lower court erroneously believed that it lacked authority to grant such a departure as a matter of law. See *United States v. Owusu*, 199 F.3d 329, 349 (6th Cir. 2000).

A district court may grant a downward departure on the basis of post-sentence rehabilitation at re-sentencing. *United*