**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Lee CALVIN, Defendant–
Appellant.**

No. 00–1929.

United States Court of Appeals,
Sixth Circuit.

Sept. 26, 2001.

Before SILER, CLAY, and GIBSON,* Circuit Judges.

Michael Lee Calvin appeals from his judgment of conviction and sentence. Both parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Calvin pleaded guilty to robbery of a financial institution in violation of 18 U.S.C. § 2113. The district court sentenced Calvin to 151 months of imprisonment and three years of supervised release, and the court imposed a $100 special assessment. In this timely appeal, Calvin argues that: 1) he was not competent and did not knowingly and voluntarily enter his guilty plea; and 2) the district court improperly refused to depart downward from Calvin's Sentencing Guidelines range.

Upon review, we conclude that Calvin's argument that he was not competent and did not knowingly and voluntarily enter his guilty plea is without merit. We initially note that Calvin never raised this argument in the district court. Claims that were not raised during the plea proceedings or sentencing are considered forfeited and are not cognizable on appeal. *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). Nevertheless, we review the voluntariness of a plea *de novo*. *See United States v. Rubio*, 231 F.3d 709, 712 (10th Cir.2000).

A defendant's guilty plea must be competent, knowing, and voluntary. *Godinez v. Moran,* 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). The district court must determine that the defendant has the sufficient present ability to consult his lawyer with a reasonable degree of rational understanding, as well as having a rational and factual understanding of the proceedings against him. *Id.* Calvin argues that he was not competent because he was under the influence of alcohol and drugs during the plea hearing. At the hearing, Calvin advised the court that he had been drinking within the past 24 hours. Additionally, Calvin later disclosed to a probation officer that he had ingested cocaine two days before the hearing. Upon learning of Calvin's alcohol intake, the district court inquired whether he currently was sober, and Calvin replied in the affirmative. Calvin also assured the court that he understood what was occurring. The court then engaged Calvin in an extensive colloquy regarding the waiver of his rights, the crime to which he was pleading guilty, and the potential sentence he faced. Calvin never expressed any hesitation or doubt in addressing the court; indeed, he described the applicable maximum statutory sentence and fine, as well as the maximum possible sentence under the plea agreement. Further, Calvin described with specificity the conduct underlying his guilty plea. Calvin was lucid and articulate at the plea hearing, and no evidence exists in the record that Calvin was not in possession of his faculties. Therefore, his "after-the-fact" claim of incompetency must fail. *See United States v. McNeely,* 20 F.3d 886, 888 (8th Cir.1994).

In addition to satisfying the standard for competence, a trial court, in ac-

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

cepting a guilty plea, must determine that the defendant's waiver of his constitutional rights is knowing and voluntary. *Godinez,* 509 U.S. at 400, 113 S.Ct. 2680. The guilty plea is knowing and voluntary if the defendant understands the significance and consequences of this particular decision and if the decision is uncoerced. *Id.* at 401 n. 12, 113 S.Ct. 2680. Calvin argues that he did not knowingly and voluntarily enter his plea because a severe hearing problem rendered him incapable of properly understanding the court. However, no evidence exists in the record that Calvin could not hear the district court during the plea proceedings. At the beginning of the hearing, counsel advised the court that Calvin had a hearing problem, and the court then verified that Calvin could hear the proceedings. The court told Calvin to inform the court if he could not hear at any time. When Calvin later could not hear a question, he advised the court, and the question was repeated. No other evidence exists in the record that Calvin experienced difficulty hearing during the plea colloquy. Therefore, Calvin has not demonstrated that his plea was made involuntarily.

This court lacks jurisdiction to consider Calvin's argument that the district court improperly refused to depart downward from Calvin's Sentencing Guidelines range. The district court's discretionary refusal to depart downward generally is not appealable, unless the court mistakenly believed that it did not have the legal authority to depart downward. *United States v. Harris,* 237 F.3d 585, 590–91 (6th Cir.2001); *United States v. Moore,* 225 F.3d 637, 643 (6th Cir.2000). Calvin moved for a downward departure, arguing that his criminal history score relied on dated convictions, that he had continued to work while released on bond, and that his drug addiction and depression had adversely affected his judgment. The district court denied the motion for the departure. Calvin now argues that the court wrongly believed it did not have the authority to depart downward.

■ Calvin has not demonstrated that the district court was unaware of its authority to depart downward in this case. The district court has no duty to state affirmatively that it knows it possesses the power to depart downward but declines to do so. *United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995). When reviewing a ruling which fails to affirmatively state that the district court knew it could depart downward, this court assumes that the district court, in the exercise of its discretion, found a downward departure unwarranted. *United States v. Cook,* 238 F.3d 786, 791 (6th Cir.2001). At the sentencing hearing, the court noted that Calvin's counsel had filed a letter requesting a downward departure. The court then provided counsel for Calvin and the government an opportunity to address the merits of the departure request. After these arguments, the court concluded that "no basis" existed for granting Calvin's downward departure motion. The court then stated that it "is required in the circumstances of this case to compute the sentencing range by reference to the guidelines[.]" Calvin argues that this statement indicates that the court erroneously believed that it lacked the authority to depart downward. However, this argument requires a strained reading of the court's statement; a more logical reading is that the court was indicating the applicability of the Guidelines range after concluding that the departure motion was meritless. Since this court must assume that the district court was aware of its authority to depart when it denied the motion, this court is without jurisdiction to consider Calvin's argument that he should have received a downward departure.

*United States v. DeSantis,* 237 F.3d 607, 614 (6th Cir.2001); *Moore,* 225 F.3d at 643.

Accordingly, this court affirms the district court's judgment.