RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0191P (6th Cir.)
File Name: 02a0191p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
     *Plaintiff-Appellee,*

     *v.*

JAMES PETE OSBORNE
(00-6763); JAMES CARL
OSBORNE (01-5022),
     *Defendants-Appellants.*

Nos. 00-6763;
01-5022

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 99-00037—Thomas G. Hull, District Judge.

Argued: April 23, 2002

Decided and Filed: May 30, 2002

Before: KRUPANSKY and BOGGS, Circuit Judges; and
LAWSON, District Judge.*

_____

*The Honorable David M. Lawson, United States District Judge for
the Eastern District of Michigan, sitting by designation.

1

———————————

**COUNSEL**

**ARGUED:** Jerry W. Laughlin, ROGERS, LAUGHLIN, NUNNALLY, HOOD & CRUM, Greeneville, Tennessee, Mark D. Slagle, SLAGLE AND ASSOCIATES, Johnson City, Tennessee, for Appellants. Michael E. Winck, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Jerry W. Laughlin, ROGERS, LAUGHLIN, NUNNALLY, HOOD & CRUM, Greeneville, Tennessee, Mark D. Slagle, SLAGLE AND ASSOCIATES, Johnson City, Tennessee, for Appellants. Dan R. Smith, ASSISTANT UNITED STATES ATTORNEY, Johnson City, Tennessee, for Appellee.

———————————

**OPINION**

———————————

BOGGS, Circuit Judge. James Pete Osborne and his son, James Carl Osborne, separately appeal the sentences they received on their convictions relating to the possession and sale of methamphetamine. After a jury trial, James Pete Osborne was convicted of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). James Carl Osborne was convicted of conspiracy to possess methamphetamine, in violation of 21 U.S.C. § 844, and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Each alleges that the district court erred in various ways in sentencing them. For the reasons that follow, we VACATE their respective sentences and REMAND their cases for re-sentencing.

the district court; however, the judge rejected Osborne's argument and sentenced him in accordance with the presentence report. Specifically, at the end of argument on this issue, the judge called Osborne forward, gave him an opportunity to address the court, and then stated in part, "I think the Guideline range is right, but I am going to give you the minimum sentence I can. It's from 41 to 51 months, and I'm going to sentence you to the 41 months . . . ." The district judge did nothing more than state summarily that he was accepting the sentencing range as set forth in the presentence report. Because this is clearly insufficient to comply with Rule 32(c)(1), we must vacate James Carl Osborne's sentence and remand his case to the district court for re-sentencing.

**III**

For the foregoing reasons, we hereby vacate the sentences imposed by the district court on both James Pete and James Carl Osborne and remand their cases for re-sentencing.

determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." *Ibid.*

This court has interpreted the district court's obligation literally, explaining that literal compliance with Rule 32(c)(1) "helps to ensure that defendants are sentenced on the basis of accurate information and provides a clear record for appellate courts, prison officials, and administrative agencies who may later be involved in the case." *United States v. Tackett*, 113 F.3d 603, 613-14 (6th Cir. 1997). Accordingly, in a recent case, this court held that a judge's summary acceptance of a presentence report was not enough to dispose of a defendant's challenges to a presentence report and comply with Rule 32. *See United States v. Corrado*, 227 F.3d 528, 540 (6th Cir. 2000). Specifically, the court wrote: "The district court did not set out findings as to any of these issues at sentencing. Instead, it either summarily adopted the findings of the presentence report or simply declared that the enhancement in question was supported by a preponderance of the evidence." *Ibid.*

Similarly instructive is this court's decision in *Tackett*, 113 F.3d at 614. In that case, the judge listened to the defendants' challenges and then held simply that "the court adopts the factual findings and guideline applications in the presentence report." *Ibid.* (quotation omitted). This court remanded the case for re-sentencing, concluding that the district court's summary holding was "a far cry from the making of a finding for each matter controverted, as the plain language of Rule 32 requires." *Ibid*; *accord United States v. Monus*, 128 F.3d 376, 396 (6th Cir. 1997) ("The law in this circuit clearly prohibits a court faced with a dispute over sentencing factors from adopting the factual findings of the presentence report without making factual determinations of its own.").

In the present case, the presentence report held Osborne responsible for distributing approximately 24 grams of methamphetamine. Osborne challenged this finding before

## I

In 1997, Tennessee state police began investigating a suspected methamphetamine distribution ring in Johnson County, Tennessee. As a result of the investigation, the two Osbornes were charged, along with seven other co-defendants, in a sixteen-count indictment. Several of the co-defendants pled guilty. However, the Osbornes went to trial and were convicted on the basis of testimony from the state police agent in charge of the investigation, two confidential informants employed by the police, and several of the Osbornes' co-defendants.

The probation office filed presentence investigation reports in both cases. James Pete Osborne filed no objections to his report. The court held a sentencing hearing in his case on August 7, 2000. However, the hearing was continued until December 18, 2000 in light of arguments made by Osborne's attorney based on the Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). After rejecting Osborne's *Apprendi* argument, the court sentenced Osborne at the end of the December hearing to 262 months in prison.

James Carl Osborne filed various challenges to the presentence report in his case. His central challenge was to the quantity of methamphetamine that the presentence report held him accountable for distributing and the resultant sentencing range provided by the Sentencing Guidelines. The court heard argument on this issue at Osborne's sentencing hearing, also held on December 18, 2000. At the conclusion of argument, the judge announced, "I think the Guideline range is correct," and sentenced James Carl Osborne to 41 months in prison.

## II

On appeal, each Osborne raises various challenges to the sentence imposed upon him by the district court. However, because we hold that the district court failed in each case to comply with procedural safeguards required by Federal Rule

of Criminal Procedure 32(c), we will not reach the remainder of the Osbornes' challenges. The Osbornes can raise those issues before the district court on remand. *See United States v. Cook*, 238 F.3d 786, 789 (6th Cir. 2001) ("[w]hen a case is remanded back to the district court for re-sentencing, the district court makes a de novo review of the sentencing procedure unless limited by the remand order of the appellate court").

### James Pete Osborne

James Pete Osborne argues that his case should be remanded for re-sentencing because the district court failed to ascertain whether Osborne and his trial counsel had read and discussed the presentence report filed in his case prior to sentencing. A review of the sentencing transcripts in Osborne's case reveals that the district court did fail to ascertain this fact.

In order to ensure fair sentencing, Federal Rule of Criminal Procedure 32(c)(3)(A) requires a district court, before imposing sentence, to verify that the defendant and his counsel have read and discussed the presentence report filed in the defendant's case. *See* FED. R. CRIM. P. 32(c)(3)(A). A trial judge need not expressly ask the defendant if he and his counsel have read and discussed the report; instead, "the court need only *somehow* determine that defendant and counsel have had an opportunity to read and discuss the [presentence report]." *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988) (emphasis in original).

However, the fact that a defendant and his counsel may have discussed issues contained in the report is insufficient – there must be evidence on the record that the defendant and his counsel have read and discussed the report. *See United States v. Mitchell*, 243 F.3d 953, 955 (6th Cir. 2001) (holding that it was not enough that counsel had read the report and had discussed issues therein with the defendant); *see also Stevens*, 851 F.2d at 143 n.4 (quoting approvingly *United*

*States v. Mays*, 798 F.2d 78, 80 n.5 (3rd Cir. 1986), wherein the Third Circuit held Rule 32(c)(3)(A) satisfied because the defendant's lawyer referred at sentencing to having "read the presentence report with the Defendant").

When a district court does not comply with Rule 32(c)(3)(A), the defendant's sentence must be vacated and the case must be remanded for re-sentencing. *See Mitchell*, 243 F.3d at 955.

In the present case, a review of the hearing transcripts fails to reveal any statement that can be read to provide verification that Osborne and his attorney had read and discussed the presentence report. It is clear that Osborne and his attorney were aware of at least one issue addressed by the report, because Osborne's counsel argued that the report's recommended sentence violated *Apprendi* and the Sentencing Guidelines. However, the argument did not require any discussion of the contents of the presentence report, and no other issues were discussed at the hearing. Therefore, there was no opportunity in the sentencing colloquy for Osborne's counsel to provide verification that he and Osborne had read and discussed the report, and the court did not ask. Accordingly, we must vacate James Pete Osborne's sentence and remand his case for re-sentencing.

### James Carl Osborne

James Carl Osborne argues that the district court failed to comply with Federal Rule of Criminal Procedure 32(c)(1) by failing to make findings with respect to, and expressly rule on, objections Osborne raised to the presentence report filed in his case prior to sentencing him. We agree and therefore also remand his case for re-sentencing.

Rule 32(c)(1) requires a district court at sentencing to rule on any objections the defendant has raised to the presentence report filed in his case. *See* FED. R. CRIM. P. 32(c)(1). The rule further states that, "[f]or each matter controverted, the court must make either a finding on the allegation or a