# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2598

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Leonardo Vargas, also known as Leo, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 6, 2004
Filed: February 26, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Leonardo Vargas appeals the sentence the district court[1] imposed after he pleaded guilty to distributing, within 1,000 feet of a high school, 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 846 and 860(a); and possessing firearms during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Vargas's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court should not have sentenced Vargas before verifying that

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

Vargas had personally read the presentence report (PSR), see Fed. R. Crim. P. 32(i)(1)(A), and that the government should have moved the court to depart downward from the Sentencing Guidelines range, see U.S.S.G. § 5K1.1, and below the statutory minimum sentence, see 18 U.S.C. § 3553(e).

We conclude the district court fully complied with Rule 32 because the court asked Vargas's counsel whether he and Vargas "had a full, fair, and complete opportunity" to discuss the PSR, and counsel responded that the original PSR had been mailed to Vargas more than a month before the hearing, and that earlier in the day he and Vargas had discussed changes made to the PSR. See United States v. Osborne, 291 F.3d 908, 910 (6th Cir. 2002) (court need only "somehow" determine that defendant and counsel have had opportunity to read and discuss PSR). As to the lack of any substantial-assistance motions, Vargas has not shown--particularly since there was no plea agreement in this case--that the government ever promised a departure motion or that the government's refusal to file one was based on an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992).

Upon our independent review under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw and we affirm the judgment of the district court.

_____