

Opinions of the United
States Court of Appeals
for the Third Circuit

4-30-2004

# USA v. Ricks

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2297

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Ricks" (2004). *2004 Decisions.* Paper 763.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/763

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2297

UNITED STATES OF AMERICA

v.

MICHAEL RICKS,

<u>Appellant</u>

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 00-00024-2)
Honorable Ronald L. Buckwalter, District Judge

Argued April 22, 2004

BEFORE: SCIRICA, <u>Chief Judge</u>, and ROSENN and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed:   April 30, 2004)

Gavin P. Holihan (argued)
Huber and Waldron
535 Hamilton Mall, Ste. 301
Allentown, Pa. 18101

    <u>Attorneys for Appellant</u>

Patrick L. Meehan
United States Attorney
Laurie Magid
Deputy U.S. Attorney

for Policy and Appeals
Bernadette McKeon
Assistant U.S. Attorney
David E. Troyer (argued)
Assistant U.S. Attorney
615 Chestnut Street
Philadelphia , Pa. 19106

    Attorneys for Appellee

---

OPINION OF THE COURT

---

GREENBERG, Circuit Judge.

This matter comes on before this court on appeal from a judgment of conviction and sentence entered on May 8, 2002, following appellant Michael Ricks's plea of guilty to three counts of a superseding indictment charging him as follows:  Count One, conspiracy to distribute and to possess with intent to distribute more than 50 grams of crack cocaine base and more than 100 grams of heroin, cocaine, marijuana, and phencyclidine within 1000 feet of a public housing project in violation of 21 U.S.C. § 846; Count Two, conspiracy to travel in interstate commerce to commit murder in violation of 18 U.S.C. § 1958(a); Count Three, conspiracy to affect commerce by robbery in violation of 18 U.S.C. § 1951(a).  Ricks pled guilty, but reserved the right to challenge his sentence, including the court's determination of the amount of drugs attributable to him.  The amount was important as his offense level in part depended on the quantities of drugs involved.

Following the entry of the plea the probation department prepared a presentence investigation report which specified, <u>inter alia</u>, the quantity of drugs attributable to Ricks. Thereafter the court conducted a trial-type hearing on November 8, 2001, to determine the drug quantities attributable to Ricks as well as to certain other defendants including his brother Marc Ricks. Several witnesses, including the FBI case agent on this prosecution, Clifford F. Fiedler, testified at the hearing. Fiedler had prepared analyses of numerous recordings of intercepted telephone calls which were available to the court at the hearing. In his testimony Fiedler set forth conclusions with respect to drug quantities.

Following the completion of Fiedler's direct testimony Marc Rick's attorney cross-examined him. Subsequently, after a recess, the court indicated that other witnesses should testify next but Fiedler could be recalled if necessary. At that time the only attorneys who commented were Marc Ricks's attorney, who said "yes sir," and the prosecutor, who said "Okay." App. at 194. In fact, Fiedler never was recalled as a witness and neither Ricks nor any of the other defendants requested Fiedler's recall at the hearing. At the end of the day on November 8, 2001, the court directed the parties to make written submissions to it with respect to drug amounts.

The government on December 14, 2001, filed its memorandum making its contentions as to the drug amounts attributable to Ricks as well as the other defendants. Ricks filed his response to the government's memorandum on January 30, 2002, and the other defendants also filed responses. Significantly, Ricks did not contend in his

3

memorandum that Fiedler should have been recalled for additional cross-examination and he did not request in the memorandum that Fiedler be recalled before the court made its findings.[1]

On February 15, 2002, the court filed its memorandum opinion making its findings detailing the drug amounts attributable to Ricks and the other defendants. In particular, the court attributed at least 2000 grams of crack cocaine, at least 3000 grams of powder cocaine, and 30 grams of heroin to Ricks. In reaching its conclusions the court relied in part on Ricks's own testimony and also relied on Fiedler's testimony and on that of other defendants and explained that it had read transcripts of tapes of intercepted telephone calls. It appears that Ricks at no time during the period from after the close of the November 8, 2001 hearing and the court making its determination on February 15, 2002, sought Feidler's recall for further cross-examination. In fact, Ricks first raised the issue he now advances on appeal with respect to the limitation of Fiedler's cross-examination in his pro se sentencing submission filed April 12, 2002.

The court ultimately determined that Ricks's total offense level was 41 which, when combined with his criminal history category of I, yielded a sentencing range of 324 to 405 months. In reaching the total offense level the court made a 3-level increase under U.S.S.G. § 3B1.1(b) for Ricks's role as a supervisor and organizer of a group of five or more people and a 2-level increase by reason of Ricks's possession of firearms in

---

[1]Insofar as we are aware none of the defendants requested that the court recall Fiedler.

4

connection with a drug trafficking offense. The court sentenced Ricks to three concurrent custodial terms of 324 months on the three counts to be followed by a ten-year term of supervised release. In addition, it made a $300 special assessment.

Ricks has filed a timely appeal raising the following issues:

## I.

Whether [he] was deprived of his Fifth Amendment right to due process and his Sixth Amendment right to counsel when the district court precluded counsel from conducting a full cross-examination of the agent who determined the quantity and type of drugs the government alleged should be attributed to [him], thus preventing a meaningful opportunity to challenge whether the information was reliable or the drug attribution accurate.

## II.

Whether the district court erred when it calculated the types and amounts of drugs attributable to [him] when the court's conclusions were not supported by the evidence.

## III.

Whether the district court erred when it applied a three level enhancement against [him] for his role in the criminal offense under § 3B1.1(b) of the Sentencing Guidelines (Aggravating Role for a manager or supervisor and the criminal activity involved five or more participants) when the evidence did not support such a finding.

## IV.

Whether the district court erred when it applied a two level enhancement against [him] for his role in the criminal offense under § 2D1.1(b)(1) of the Sentencing Guidelines (Dangerous weapon possessed during commission of a drug trafficking offense or conspiracy) when the evidence did not show that [he] possessed a weapon during any drug trafficking, but rather possessed a weapon as part of a separate count in the

5

Indictment to which [he] entered a plea of guilty.

Appellant's br. at 2-3.

The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

Ricks's contention with respect to the curtailment of the right of cross-examination raises constitutional issues under the Fifth and Sixth Amendments. While it is true that Fiedler's report and the transcript of the calls were available to the court, still Fiedler's testimony was important. Moreover, we recognize the significance of the right of cross-examination. See, e.g., Crawford v. Washington, 124 S.Ct. 1354 (2004). Nevertheless, we also are aware that a district court has discretion to control the order of proceedings and cross-examination and thus the court's reasonable discretionary action in interrupting Fiedler's testimony was unassailable. See United States v. Werme, 939 F.2d 108, 117 (3d Cir. 1991).

The real issue here relates to the circumstance that Fiedler never was recalled. In the end the controlling consideration here is that Ricks at no time between when the court excused Fiedler as a witness at the hearing on November 8, 2001, indicating that "if we need to recall him, we'll do it at a later time," app. at 194, and the court filing its memorandum on February 15, 2002, requested that Fiedler be recalled for additional cross-examination. Indeed, at the close of the hearing on November 8, 2001, when, after the last witness testified, the court asked if there was any other testimony, it received no

6

response. It then reasonably said that "seeing none, the record will be closed as far as testimony is concerned." App. at 332. Moreover, when the court then asked if there was "anything else we want to put on the record before we adjourn counsel?" none of the attorneys requested that Fiedler be recalled. App. at 334.

We believe that if Ricks wanted Fiedler recalled he should have said so at the end of the hearing on November 8, 2001. Accordingly, we can review the court's action, perhaps more properly styled the court's inaction, in not recalling Fiedler only on a plain error basis. See United States v. Olano, 507 U.S. 725, 734-35, 113 S.Ct. 1770, 1777-78 (1993). We are convinced that the court did not err in not recalling him inasmuch as none of the defendants requested that he be recalled prior to the court making its determination on drug quantities attributable to the individual defendants and the court had, without further cross-examination of Fiedler, sufficient information relating to the quantity of drugs on which to predicate its decision. Overall, we do not see why we should view the matter as any different than a situation in which a party does not cross-examine an adverse witness at all or cross-examines him only briefly. In short, when the court made its February 15, 2002 ruling it had no basis on which to believe that Ricks was not satisfied with the scope of Fiedler's cross examination and, as the court itself apparently saw no need for further questioning, it had no reason to recall him. Ricks sought to have Fiedler recalled only after the court's February 15 decision disappointed him. By then, however, it was too late for he knew when the court called for written submissions with

7

respect to drug amounts that it would determine the quantities attributable to the individual defendants on the basis of the record already made.

We recognize that Ricks explains his failure to seek Fiedler's recall on the theory that he understood that the court's use of Fiedler's testimony would be limited and thus Ricks had no need to recall him. Nevertheless, though it is true that the court indicated that it would have to examine additional evidence before reaching its result, it did not say that it would not rely on all of the evidence before it in drawing its conclusions. Thus, we do not regard the proceedings as unfair.

Exercising the appropriate standards of review we have considered Ricks's other contentions and find them to be without merit and thus confine ourselves to the observation that even if (a point the government disputes) cocaine initially was counted in its powder form and then again was counted after being converted to crack, we see no reason to regard such computations as interdicted double counting as the substances differed in composition after the conversion.

For the foregoing reasons the judgment of conviction and sentence entered May 8, 2002, will be affirmed.