File Name: 06a0485n.06
Filed: July 11, 2006

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 05-3253

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DION S. HOPSON,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

_____/

Before:      MARTIN, NORRIS, and McKEAGUE, Circuit Judges

      BOYCE F. MARTIN, JR., Circuit Judge.  Dion Scott Hopson pled guilty to making a false statement to a federally licensed firearm dealer, 18 U.S.C. § 924(a)(1)(A), and was found guilty of one count of violating the Hobbs Act, 18 U.S.C. § 1951, and one count of carrying and brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c).  Upon oral announcement of the sentence and while the next case was being called, Hopson allegedly threatened the prosecutor.  This led to the district court conducting an additional hearing whereupon it added fourteen months to Hopson's previous sentence.  Hopson now appeals that revised sentence.  For the following reasons, we affirm the decision of the district court.

I.

After pleading guilty to the charge of making a false statement to a federally licensed firearm dealer, Hopson stood trial on two counts of violating the Hobbs Act and two counts of carrying and brandishing a firearm during a crime of violence. The jury returned a verdict of guilty on one count of each offense on May 15, 2002. Following his sentencing on November 15, 2002, Hopson appealed to this Court. Upon a finding of error in the original sentence,[1] the case was remanded back to the district court for resentencing.

Hopson's resentencing hearing occurred on November 9, 2004. The Hobbs Act violation ("Count 4") and the false statement ("Count 1") merged, resulting in a sentencing guideline range of sixty-three to seventy-eight months.[2] The conviction of carrying and brandishing of a firearm during a crime of violence ("Count 5") carries with it an eighty-four month mandatory minimum. 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced Hopson to the mandatory eighty-four months in addition to seventy months for the other two charges, for a total of 154 months.

Upon conclusion of the sentencing hearing, the record shows that as the district court was preparing to call its next case, Assistant U.S. Attorney David Bosley stopped the proceedings and informed the court that Hopson "told me he is going to get me when he gets out." At this point, the district court ordered an additional sentencing hearing to take place in order to determine what Hopson said and if it would affect his sentence.

---

[1]This Court held that the district court erred in its application of the Sentencing Guidelines as to Hopson's leadership role, U.S.S.G. § 3B1.1. *United States v. Hopson*, 134 Fed. Appx. 781 (6th Cir. 2004) (unpublished decision).

[2]This hearing was pre-*United States v. Booker*, 543 U.S. 220 (decided on January 12, 2005).

On February 17, 2005, the district court conducted the second resentencing hearing. During

the hearing, the court heard from witnesses in the courtroom from the previous hearing. Based on

that testimony, the district court concluded that Hopson had intimidated Bosley and, as a result of

this uncharged conduct, a sentence enhancement was justified.[3] The court reiterated the sentencing

guideline range for the merged Counts 1 and 4 and the mandatory minimum for the Count 5

brandishing and carrying a firearm charge, noting that now, post-*Booker*, the sentencing guidelines

are only advisory and not mandatory. The district court noted that it would be inappropriate to apply

the defendant's post-sentence actions to the Guidelines sentencing enhancement under section 3C1.1

for obstruction of justice because that obstruction must take place "during the course of the

investigation, prosecution, or sentencing of the instant offense." Therefore, because the alleged

threat took place after the sentence was given (albeit only by seconds), the guideline enhancement

could not be applied. The district court then proceeded to consider the 18 U.S.C. § 3553(a) factors

for sentencing, in which it found factor (2)(C) to be appropriate: "to protect the public from further

crimes of the defendant." To that purpose, the district court wished to enhance Hopson's previous

sentence.

> If I were to apply the guideline for obstruction of justice, which I have
> already found that I could not, the defendant would receive an additional 15 to 18
> months – excuse me, 14 to 18 months because his offense level would rise to a 24.
> And again that guideline does not apply, but that gives some indication of what the
> sentencing commission believes would be an appropriate enhancement for an
> obstruction of justice in a case of this sort. Again, I note if this conduct had occurred

---

[3]It has been established that judicial fact-finding by a preponderance of the evidence is an acceptable means of sentencing based on uncharged conduct. *Booker*, 543 U.S. at 259. *See also United States v. Watts*, 519 U.S. 148 (1997) ("application of the preponderance standard at sentencing generally satisfies due process").

>    simply an hour earlier, the guideline would have been applied. So the fortuity of this
>    happening on the heels of the sentencing seems to me something that should not
>    frustrate a fair and appropriate sentence.

Based on this analysis, the district court increased the previous sentence of seventy months for Counts 1 and 4 to eighty-four months, in addition to the eighty-four months already imposed by statutory mandate for Count 5. The district court noted that this was an upward departure from the advisory sentencing guidelines range, but concluded that the section 3553(a) factors warranted such a deviation.[4] Hopson now appeals this final sentencing decision by the district court.

## II.

Hopson appeals his sentence as modified by the district court based on his actions of November 9, 2004. This challenge presents two separate issues: 1) whether the district court had the power to impose the new sentence and 2) if so, whether that new sentence was reasonable.

*A. District Court's Power to Impose the New Sentence*

This Court reviews the question of law of whether the district court had the authority to impose a new sentence on Hopson de novo. *See United States v. Van Hoosier*, 442 F.3d 939, 943 (6th Cir. 2006). The district court had two major limitations on its authority in resentencing Hopson. First, the district court was limited by the mandate from this Court's remand of the case back for resentencing. Second, the district court was potentially limited by the finality of the sentencing before Hopson's alleged outburst.

---

[4]The district court stated the sentence was a fourteen-month upward departure from the Guidelines. In actuality, the sentence was only a six month upward departure from the appropriate guideline range of sixty-three to seventy-eight months.

1. The Mandate Rule

> [T]he mandate rule requires lower courts to adhere to the commands of a superior court. Accordingly, [u]pon remand of a case for further proceedings after a decision by the appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the *circumstances it embraces*.

*United States v. Cook*, 238 F.3d 786, 789 (6th Cir. 2001) (emphasis added) (quoting *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)). In *Cook*, this Court held that its mandate to the district court to determine Cook's acceptance of responsibility at the time of *initial sentencing* was properly construed as not requiring the district court to consider any evidence of Cook's *post-sentencing* acceptance of responsibility. *Id.* at 790. The *Cook* court did not hold, however, that its limited mandate necessarily precluded consideration of Cook's post-sentencing actions in general. This Court observed that even if Cook's post-sentencing actions had been considered, they would not have warranted the relief urged by Cook. *Id.*

This Court instructed the district court to resentence Hopson without an enhancement for a leadership position. *Hopson*, 134 Fed. Appx. 781. The record shows that the mandate was followed in both of the district court's resentencings as the leadership enhancement was not applied to Hopson's sentence either time. Based on the holding in *Cook*, the district court could consider Hopson's outburst as not inconsistent with the appellate court's mandate and as part of the "circumstances it embraces." *See Cook*, 238 F.3d at 789.

The Eighth Circuit addressed a similar circumstance in *United States v. Stapleton*, 316 F.3d 754 (8th Cir. 2003). Stapleton was granted a resentencing hearing based on an appeal of his criminal history points calculation. During Stapleton's resentencing hearing, one of the witnesses testified

that during his testimony Stapleton was staring at him, shaking his head and moving his lips to convey the message of "I am going to get you" or "I am going to get even with you." The district court found these actions to qualify as an obstruction of justice and Stapleton appealed this decision as beyond the district court's mandate. The Eighth Circuit held that the district court could impose an obstruction of justice enhancement, despite that court's previous mandate to the district court.

> In our prior opinion, we did not decide any issues relating to obstruction of justice, and we did not establish any restrictions preventing the district court from considering obstruction of justice. Stapleton's obstructive conduct at resentencing was simply not an issue in the prior appeal because he had not yet committed it.

*Stapleton*, 316 F.3d at 757. The court's final holding was "we do not find it inconsistent to allow consideration of post-sentencing obstructive conduct that occurs in the judge's presence at resentencing as the basis for an obstruction-of-justice enhancement. Otherwise, the judge would lack an effective remedy for obstructive conduct that interferes with the resentencing process." This logic fits this case extremely well. Therefore, this Court's previous mandate does not act as a bar to the resentencing of Hopson based on his outburst.

2. The Finality of the Sentence

At Hopson's final resentencing hearing, he argued that the district court did not have the authority to impose a new sentence because the district court's previous sentence had become final. We are now asked to decide at what point a district judge no longer has the ability to alter an announced sentence.

Federal Rule of Criminal Procedure 35 addresses the correction of a sentence. Rule 35(a) states "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). "As used in this rule,

'sentencing' means the oral announcement of the sentence." FED. R. CRIM. P. 35(c). The significance of these provisions is to define the day on which sentencing occurred, but they do not provide the specificity necessary to decide the issue here.

The Federal Rules of Criminal Procedure, thus, do not address the precise moment in time when an oral announcement of sentence becomes final. Since Rule 35 does not compel a finding that the sentencing here was final, the district court had the discretion to continue the proceedings to address unresolved issues. While there must be some final line drawn to determine at what point during sentencing a judge may no longer consider actions before him in sentencing, we need not draw that bright line today. Instead, upon review of the record, we find that Hopson's actions in this case, occurring in the well of the courtroom and in the presence of defense counsel, the prosecutor, and the district court, clearly fall within the district court's purview in imposing a sentence.

Therefore, we affirm the decision of the district court to withdraw Hopson's sentence after his outburst and resentence him at a later date.

*B. Reasonableness of the Sentence*

This Court must now review Hopson's revised sentence for reasonableness. *United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006) ("Reasonableness is the *appellate* standard of review") (emphasis in original). The district court imposed the minimum sentence required by statute for Count 5, carrying and brandishing of a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii), and thus Hopson does not appeal this sentence. Hopson was given eighty-four months for Counts 1 and 4 and it is this sentence, which we review for reasonableness.

If the district court imposes a sentence beyond the statutory maximum for a crime based on facts not found by a jury or admitted by the defendant, then that sentence violates the Sixth Amendment. *Booker*, 543 U.S. at 232. The maximum sentence for Count 1 is two hundred and forty months, 18 U.S.C. § 1951(a); therefore, no Sixth Amendment concern is implicated by the sentence of eighty-four months for Counts 1 and 4. Based on an undisputed advisory guidelines calculation, Hopson would receive a sentence between sixty-three and seventy-eight months. The current sentence of eighty-four months reflects a six-month upward variance from the advisory guidelines range. The fact that the district court departed from the Sentencing Guidelines does not mean this sentence is presumptively unreasonable. *Foreman*, 436 F.3d at 644. Based upon the district court's discussion of the section 3553(a) factors, especially its reliance on section 3553(a)(2)(C) in justifying its upward variance from the Guidelines, we find the upward variance to be reasonable in light of Hopson's actions in the presence of the district court.

## III.

Based on the above discussion, we affirm the district court's resentencing of Hopson.