NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0424n.06

Case No. 14-5797

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Jun 08, 2015 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| DANIEL W. GREEN, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: GIBBONS and COOK, Circuit Judges; MURPHY, District Judge.[*]

COOK, Circuit Judge. Daniel Green pleaded guilty to producing and receiving child pornography. He now appeals the validity of his guilty plea and the reasonableness of his 960-month sentence. Finding no error, we AFFIRM.

In late 2009, Green's seven- and ten-year-old step-granddaughters told their grandmother that Green had been molesting them for at least a year. A search of Green's home confirmed that Green videotaped and photographed himself molesting the girls on multiple occasions. The search also revealed that Green downloaded numerous images and videos depicting the sexual exploitation of minors. A federal grand jury indicted Green on two counts of producing child

---

[*]The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

pornography and one count of receiving it. Green pleaded guilty without the benefit of a plea agreement on the second day of trial.

The Probation Office prepared a Presentence Investigation Report. Although Green's offense level of 43 dictated a sentencing guidelines range of life imprisonment, the statutory maximums associated with Green's crimes limited his sentence to 960 months. The PSR thus recommended the maximum sentence, with the sentences on each count running consecutively. Green filed no objections to the PSR. After thoroughly examining the 18 U.S.C. § 3553 factors at sentencing, the district court accepted the PSR's recommendation and sentenced Green to 960 months' imprisonment. Green objected, arguing that the government's earlier, rejected plea offer of 15 years illustrated that an 80-year sentence was excessive. The court responded that it would not have accepted such a deal given the seriousness of Green's offenses.

Green raises three issues on appeal. First, he argues that the district court failed to comply with Federal Rule of Criminal Procedure 32(i)(1)(A), which requires the court to "verify that the defendant and the defendant's attorney have read and discussed the presentence report." The record refutes this claim. The court began the sentencing hearing "by asking [trial counsel] whether Mr. Green has read the presentence report," and counsel responded affirmatively, explaining that "[she] visited him in jail, and [they] went over the presentence report line by line." Though Green faults the court for not asking him directly, we find no error in the court accepting trial counsel's detailed answer. *See United States v. Osborne*, 291 F.3d 908, 910 (6th Cir. 2002) ("[T]he court need only *somehow* determine that defendant and counsel have had an opportunity to read and discuss the presentence report." (quoting *United States v. Stevens*, 851

F.2d 140, 143 (6th Cir. 1988) (internal punctuation omitted))); *see also United States v. Romero*, 491 F.3d 1173, 1179–80 (10th Cir. 2007).

Second, Green contends that his guilty plea was involuntary because the court did not specifically inform him that the sentences for each count could run consecutively. The court explained at the plea colloquy that "[t]he statutory maximum penalty for Counts One and Two . . . would be 30 years" and "[f]or Count Three, the statutory maximum is 20 years." Green argues that a "reasonable defendant, given this language, could have believed that the combined maximum sentence for counts one and two was 30 years." But the PSR—which Green reviewed with his lawyer—eliminated any uncertainty by specifying that "[t]he sentences on each count shall run consecutively." And in any event, a district court need not "explicitly admonish a defendant that a sentence may be imposed consecutively" to ensure that a defendant's plea is knowing and voluntary. *United States v. Ospina*, 18 F.3d 1332, 1334 (6th Cir. 1994); *see also United States v. Gaskin*, 587 F. App'x 290, 297–98 (6th Cir. 2014).

Third, Green challenges the substantive reasonableness of his sentence. We review for abuse of discretion, affording Green's within-guidelines sentence a presumption of reasonableness. *United States v. Rosenbaum*, 585 F.3d 259, 266–67 (6th Cir. 2009). The court discussed at length the Section 3553 factors and Green's request for a lower sentence, explaining that the "egregious circumstances" of the offense, the age of the victims, and the need for both public and private deterrence dictated a guidelines sentence. Green fails to persuade us that the court erred in reaching its decision; while he argues that a shorter sentence would be "sufficient to meet the statutory purposes of sentencing," he has not shown that such a sentence was

*required. See United States v. Brown*, 579 F.3d 672, 687 (6th Cir. 2009). Accordingly, we

AFFIRM Green's conviction and sentence.