[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15862
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 28, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-20980-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARDO ROSQUETE,
a.k.a. Leonardo Firmo Rosquete-Trusillo,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(June 28, 2005)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Leonardo Rosquete, a federal prisoner, appeals his sentence for conspiracy

to possess with intent to distribute 100 kilograms or more of marijuana, in

violation of 21 U.S.C. § 846.  On appeal, Rosquete argues that: (1) in light of

Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),

and United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621

(2005), the district court erred in applying career offender enhancement, U.S.S.G.

§ 4B1.1(a), and sentencing him under a mandatory guideline system; and (2) the

district court erred by considering two of his prior convictions as unrelated for

purposes of imposing the career offended enhancement.  We address these issues

in turn.

## 1.    Blakely/Booker Issue

"[A] constitutional objection that is timely, . . . receives the benefit of

preserved error review."  United States v. Candelario, 240 F.3d 1300, 1305 (11th

Cir. 2001).  Where, as in this case, an error was preserved below, we review the

case de novo and, "if error is found, it is generally subject to the harmless error

analysis of Fed.R.Crim.P. 52(a)."  Candelario, 240 F.3d at 1303 n.3.  Rule 52(a)

provides that "[a]ny error, defect, irregularity, or variance that does not affect

substantial rights must be disregarded."  Fed.R.Crim.P. 52(a).

In Booker, the Supreme Court held that "[a]ny fact (other than a prior

conviction) which is necessary to support a sentence exceeding the maximum

authorized by the facts established by a plea of guilty or a jury verdict must be

admitted by the defendant or proved to a jury beyond a reasonable doubt."

Booker, 543 U.S. at ___, 125 S.Ct. at 756.

We have since clarified that there are two types of Booker error: (1) Sixth Amendment, or constitutional, error based upon sentencing enhancements neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory guidelines system. United States v. Shelton, 400 F.3d 1325, 1329-34 (11th Cir. 2005). Where the district court sentenced the defendant under a mandatory guideline system, there is statutory error, even in the absence of a Sixth Amendment enhancement violation. Id. at 1330-31.

Booker constitutional error is harmless when the government can show, beyond a reasonable doubt, that error did not contribute to the ultimate sentence. Booker statutory error, however, is subject to a less demanding test. United States v. Mathenia, No. 04-15250, slip op. at 2328 (11th Cir. May 23, 2005). A non-constitutional error is harmless if, viewing the proceedings in their entirety, the error did not affect the sentence or had only a "very slight effect." Id. at 2328-29. If the sentence was not "substantially swayed" by the error, then the sentence is due to be affirmed in spite of the error. Id. at 2329. The non-constitutional harmless error standard is not easy for the government to meet, and is as difficult

3

for the government to meet as the third-prong prejudice standard that a defendant must meet under plain error review. Id. The third prong of the plain error standard requires the defendant to show that the error "affected substantial rights" in that the error was prejudicial and not harmless. United States v. Olano, 507 U.S. 725, 730-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). In the preserved non-constitutional context, the standard is the same, except that the government has the burden to show that the error did not affect the defendant's substantial rights. Mathenia, slip op. at 2329.

In this case, there was no constitutional Booker error in applying the career offender enhancement, which was based upon Rosquete's prior convictions. In Almendarez-Torres v. United States, 523 U.S. 224 118 S.Ct. 1219, 140 L.Ed.2d 350 (1997), the Supreme Court held recidivism is not a separate element of an offense that the government is required to prove beyond a reasonable doubt. 523 U.S. at 247, 118 S.Ct. at 1232-33. Booker did not overrule Almendarez-Torres, but rather specifically excepted prior convictions from its holding. See Booker, 543 U.S. at ___, 125 S.Ct. at 756. Recently, we held that the Supreme Court has left its holding in Almendarez–Torres undisturbed, and that Almendarez-Torres remains good law and binding precedent until the Supreme Court holds otherwise. United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir. 2005).

4

Even if there was no Sixth Amendment violation, however, the district court erred in sentencing Rosquete under a mandatory guidelines system. See Shelton, 400 F.3d at 1330-31. Accordingly, we must determine whether the government has met its burden to show that the error did not affect the sentence or had only a "very slight effect." Mathenia, slip op. at 2328-29. We conclude that the government has not met that heavy burden in the instant case. There is nothing in the record to indicate that, had it known the guidelines were advisory only and exercised its discretion in sentencing Rosquete, the district court would have imposed the same sentence. Therefore, we vacate and remand for resentencing consistent with Booker.

**2.      Collateral Estoppel**

Rosquete also argues that the district court was required, under the doctrine of collateral estoppel, to find that his prior convictions were related for the purposes of determining whether a career offender enhancement was warranted. He asserts that the determination that his convictions were related was an essential element of a prior federal proceeding and should not have been relitigated in the instant sentencing proceedings.

A district court's ruling concerning whether collateral estoppel applies to an issue is a question of law that we review de novo. United States v. Shenberg, 89

F.3d 1461, 1478 (11th Cir. 1996). We review for clear error a district court's determination that prior convictions are unrelated for criminal history purposes. United States v. Hernandez-Martinez, 382 F.3d 1304, 1306 (11th Cir. 2004).

Pursuant to U.S.S.G. § 4B1.1(a), a defendant is a career offender if (1) he was at least 18 years old at the time he committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is, inter alia, a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Prior sentences imposed in unrelated cases are counted separately, while prior sentences imposed in related cases are treated as one sentence for the purpose of determining career offender status. U.S.S.G. §§ 4A1.2(a)(2), 4B1.2(c). Prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing. However, prior sentences are not considered related if they were for offenses that were separated by an intervening arrest; for example, if the defendant is arrested for the first offense prior to committing the second offense. U.S.S.G. § 4A1.2, comment. (n.3).

Collateral estoppel requires that an issue of ultimate fact has been determined by a valid and final judgment. If it has, it generally cannot be

relitigated between the same parties in a future lawsuit. Ashe v. Swenson, 397

U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970).

Rosquete never showed that the issue of whether his two prior convictions were related had been determined by a valid and final judgment. In his sentencing memorandum and at the sentencing hearing, the only evidence Rosquete presented in support of his argument that the issue had previously been litigated and decided was a portion of a PSI from the prior federal proceeding. However, the PSI contains only the recommendation of the probation officer, which the district court is not bound to follow. See Fed.R.Crim.P. 32(f), (i) (noting that the defendant has the opportunity to object the probation officer's recommendations in the PSI and the district court will then rule on the dispute). Rosquete provided no proof that the district court actually accepted the probation officer's recommendation, held that the prior convictions were related, and sentenced him on that basis. Therefore, he did not show below that this issue was determined by a valid final judgment, and the doctrine of collateral estoppel did not preclude the district court from considering whether the cases were related. Ashe, 390 U.S. at 443, 90 S.Ct. at 1194. We note, however, that as this case is being remanded for resentencing,

7

Rosquete would not be precluded from providing such proof, it it exists. [1]

**VACATED AND REMANDED.**

---

[1] If, however, consideration of these offenses are not barred by collateral estoppel, there would be no error in concluding that Rosquete's convictions were unrelated as the offenses were separated by an intervening arrest.