NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0163n.06

No. 08-4695

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Mar 15, 2010

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MARK MORELOCK, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before:  GIBBONS, SUTTON, and WHITE, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.**  Defendant–appellant Mark Morelock appeals a 144-month sentence imposed by the United States District Court for the Southern District of Ohio. Morelock pled guilty to one count of conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 846.  On appeal, he raises three challenges to his sentence: (1) the district court improperly used a prior conviction under 18 U.S.C. § 1952 (interstate travel or transportation in aid of racketeering enterprises) as a predicate felony for finding that Morelock was a career offender under § 4B1.1 of the United States Sentencing Guidelines; (2) the sentence imposed was substantively unreasonable; and (3) reversal is required because the district court was unaware that it had discretion to sentence below the range applicable under § 4B1.1.  For the following reasons, we affirm Morelock's sentence.

I.

This case arises out of a conspiracy between Morelock and four co-conspirators to traffic in large amounts of marijuana. Presentence Report ("PSR") at 1. The investigation began when a shipment of marijuana packed in an inflatable "fun castle" was intercepted in North Carolina. PSR at 4. The package was addressed to an address in Wellston, Ohio. PSR at 4. Agents arranged for a controlled delivery, and Morelock accepted the package, along with two co-defendants. PSR at 4. Morelock admitted to arranging the transport. PSR at 4. As agents secured the house to execute a search warrant, a second commercial delivery arrived containing an identical, marijuana-filled "fun castle." PSR at 4. In a nearby hotel, investigators found two further co-conspirators with documents noting the delivery information and cost of the two shipments and who were tasked with collecting payment on behalf of the Texas supplier. PSR at 4. Morelock also admitted that he was the intended recipient and distributor of the marijuana, and a search of his residence uncovered five firearms, $13,660 in cash, and coolers containing green vegetation and drug-sales paraphernalia. PSR at 4. The two "fun castles" yielded 480 kilograms of marijuana. PSR at 5.

In a superseding indictment, filed on May 29, 2008, the grand jury charged Morelock and four co-defendants with various drug offenses. DE 40. Specifically, Morelock was indicted on one count of conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana and one count of attempt to distribute more than 100 kilograms of marijuana, both in violation of 21 U.S.C. § 846. DE 40 at 1–2. Morelock was also made subject to a forfeiture under 21 U.S.C. § 853(a)(1) and (2). DE 40 at 3. Morelock pled guilty to the conspiracy count, which carried a minimum five-year and maximum forty-year term of imprisonment, and submitted to the forfeiture. DE 64 at 1, 5.

2

In the plea agreement, Morelock promised to testify and provide a full statement to the government regarding all matters pertaining to the superseding indictment or any other unlawful activity in which he may have been involved. DE 64 at 2. The parties also stipulated to the quantity of drugs involved, resulting in a base offense level of 28, and a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b) for possession of a firearm in connection with the drug conspiracy. DE 64 at 3. The government agreed to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting a three-level downward departure for timely notification and acceptance of responsibility. DE 64 at 4. Finally, with respect to career-offender status, the agreement stated:

> Pursuant to U.S.S.G. § 4B1.1, [Morelock] understands that it is the position of the United States that the defendant is a career offender, in light of the fact the instant offense is a controlled substance offense and he has two prior convictions for a crime of violence and/or a controlled substance offense. If the Court finds the defendant to be a career offender, the defendant further understands that his advisory guideline will be an offense level 34, criminal history category VI, prior to any reduction for acceptance of responsibility.

DE 64 at 4–5. Morelock retained the right to appeal any application of § 4B1.1. DE 64 at 5.

The PSR found that Morelock's career-offender status and the applicable maximum penalty of twenty-five years or more under § 846 required a base offense level of 34, pursuant to U.S.S.G. § 4B1.1(b)(1)(B), and a criminal history category of VI. PSR at 7, 11. The three-level downward departure for acceptance of responsibility resulted in an adjusted offense level of 31 and an applicable Guidelines range of 188 to 235 months of imprisonment and a term of supervised release between four and five years. PSR at 7, 11, 14. Morelock objected to the application of the career-offender status on the grounds that "as applied to defendant [it] fails to properly reflect [18 U.S.C.] § 3553(a) considerations, reflects unsound judgment, and does not treat the defendant's

characteristics in the proper way." Addendum to PSR at 1. He also objected to the use of the § 1952 conviction as a qualifying "controlled substance offense" because it did not satisfy the § 4B1.1 requirement that the two predicate convictions occurred within fifteen years of the present conviction. *Id.* Morelock further noted that, without applying § 4B1.1, his applicable Guidelines range would be 87 to 108 months. *Id.* The probation officer ultimately recommended a sentence of 188 months, the minimum Guidelines sentence based on the § 4B1.1 career offender enhancement. Sentencing Recommendation at 1.

The government subsequently filed a U.S.S.G. § 5K1.1 motion requesting a downward departure from the Guidelines range due to Morelock's substantial assistance in the government's prosecution of his four co-conspirators. DE 92. The government recommended that Morelock receive a sentence within the Guideline range of 100 to 125 months based on an offense level of 24 and a criminal history category of VI. DE 92 at 1–2. Morelock moved for a downward departure on the grounds that his criminal history "significantly over-represents" the likelihood that he will re-offend and that he has precancerous Barrett's Esophagus (a change in cell structure in the esophagus caused by acid reflux). DE 93. Morelock argued: (1) that the career-offender enhancement was advisory after *United States v. Booker*, 543 U.S. 220 (2005); and (2) that the district court had discretion to significantly depart downward despite the qualifying predicate convictions. DE 93 at 2–4.

That Morelock has considerable experience trafficking in marijuana between Texas and Ohio is readily apparent. *See* PSR at 8–11; DE 92 at 2–3. He has six prior drug-related convictions, five of which involved trafficking in marijuana between Texas and Ohio. The convictions that the

4

government and the PSR found to be qualifying predicate offenses under § 4B1.1 were: (1) a 1992 conviction for a violation of 18 U.S.C. § 1952 involving purchasing and transporting from Texas to Ohio numerous loads of 100 to 500 pounds of marijuana; and (2) convictions in 1996 for conspiracy to possess with intent to distribute and to distribute marijuana and possession with intent to distribute marijuana, relating to the distribution of hundreds of pounds of marijuana in Ohio over a period of several months.[1]  PSR at 8–11.

At the sentencing hearing, the district court first addressed whether Morelock satisfied the requirements of § 4B1.1.  *See* DE 130 at 4.  Morelock's counsel asserted in writing that the objection was based on the timing of the prior convictions but retracted this argument at the hearing:

> I think if Mr. Morelock is incarcerated during the 15-year period, the case law makes it clear that he qualifies as a Career Offender.  And I think that the convictions set forth in the Presentence Report indicate that he has two convictions within the 15-year period if you count the time he was incarcerated.  So, I think technically he is going to qualify as a Career Offender.

DE 130 at 5.  The district court agreed and asked counsel whether "the Probation Officer correctly analyzed [the career-offender] determination in this case."  DE 130 at 6.  Morelock's attorney answered, "I agree," and turned his attention to arguing that a downward departure from the Guidelines range resulting from career-offender determination was warranted.  DE 130 at 6.  After hearing argument on this point, the district court agreed with the government's position that Morelock was a career offender with multiple convictions for drug trafficking and that he had

---

[1]Morelock's other prior drug convictions were: (1) in 1985, drug abuse for possessing cocaine, a fourth-degree felony under Ohio state law; (2) in 1987, aggravated possession of marijuana under Texas state law after officers stopped him while transporting 113 pounds of marijuana from Texas to Ohio; and (3) in 1998, conspiracy to commit aggravated possession of marijuana under Texas state law for buying 200 pounds of marijuana from an undercover agent.

already received considerable leniency in sentencing by not being charged with available enhancements that would raise the mandatory minimum to ten years. DE 130 at 7–11. The district court acknowledged that "the Court does have authority, in some circumstances, to depart downward from the guidelines" but found that the criminal history and offense level did not "overrepresent[] the seriousness of [Morelock's] criminal history" in such a way as to warrant departure. *Id.* at 10. The district court noted that Morelock had drug convictions dating back to the mid-1980s, that this was his third federal drug offense, and that he was likely to re-offend. *Id.* at 11.

The district court also granted the government's § 5K1.1 motion for a downward departure—to a base offense level of 26, resulting in a Guidelines range of 120 to 150 months—on the basis of substantial assistance. But the court did not depart to the extent argued by the parties because the indicted co-conspirators were customers and couriers, rather than the Texas suppliers. DE 130 at 22–23. After hearing from the attorneys regarding the § 3553(a) factors, the district court addressed those factors in detail, *see* DE 130 at 30–33, and sentenced Morelock to 144 months of incarceration, five years of supervised release, and payment of a $25,000 fine, *see* DE 96 at 2–4. At that time, in response to the district court's question of whether any legal impediments to the sentence existed, Morelock's attorney answered in the negative. DE 130 at 38. Morelock timely appealed. DE 98.

## II.

We review *de novo* a district court's determination that a prior conviction constitutes a predicate offense for career offender purposes under § 4B1.1. *United States v. Baker*, 559 F.3d 443, 450 (6th Cir. 2009) (quoting *United States v. Skipper*, 552 F.3d 489, 491 (6th Cir. 2009)). Because

6

Morelock did not raise the objection that his designation as career offender was invalid because his § 1952 conviction is not a predicate "controlled substance offense" under § 4B1.1 until his appeal, we may not "set aside the district court's sentence unless the court plainly erred in so designating [him]." *United States v. Alexander*, 543 F.3d 819, 823 (6th Cir. 2008) (citing *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004) ("If a party does not clearly articulate any objection and the grounds upon which the objection is based, when given [a] final opportunity [to] speak, then that party will have forfeited its opportunity to make any objections not previously raised and thus will face plain error review on appeal.")). In demonstrating plain error,

> a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, *i.e.*, obvious or clear; (3) that the error affected [the] defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings.

*Alexander*, 543 F.3d at 822 (quoting *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998) (alteration in original)). We hold that the district court committed no error in sentencing Morelock.

> Section 4B1.1(a) of the Guidelines states:

> A defendant is a career offender if (1) [he] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Morelock does not dispute the district court's findings on the first and second elements, but only whether he has two qualifying predicate offenses as required by § 4B1.1(a)(3). A "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent

7

to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Simple possession of a controlled substance, "without the proof beyond a reasonable doubt of the requisite intent to manufacture, import, export, distribute, or dispense is not a controlled substance offense." *United States v. Montanez*, 442 F.3d 485, 488 (6th Cir. 2006) (quotation marks omitted).

Section 1952 is a statute that encompasses both qualifying and non-qualifying conduct under § 4B1.2(b).[2] Section 1952(a) criminalizes travel interstate in furtherance of "unlawful conduct," which § 1952(b)(1) defines to include, *inter alia*, "any business enterprise involving . . . narcotics or controlled substances." The Eleventh and First circuits have found that § 1952 convictions can qualify as predicate "controlled substance offenses" or "crimes of violence" under § 4B1.1 if the underlying conduct falls within the definitions of those terms contained in U.S.S.G. § 4B1.2. *See United States v. Rosquete*, 208 F. App'x 737, 740–41 (11th Cir. 2006) (*per curiam*) (finding a § 1952 conviction involving the trafficking of narcotics to be a predicate offense under § 4B1.1); *United States v. Winter*, 22 F.3d 15, 19–20 (1st Cir. 1994) (finding that a § 1952 conviction for fixing horse

---

[2]Section 1952 states, in relevant part:
(a) Whoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to—
> (1) distribute the proceeds of any unlawful activity; or
> (2) commit any crime of violence to further any unlawful activity; or
> (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,
and thereafter performs or attempts to perform—
> (A) an act described in paragraph (1) or (3) shall be fined under this title, imprisoned not more than 5 years, or both; or
> (B) an act described in paragraph (2) shall be fined under this title, imprisoned for not more than 20 years, or both, and if death results shall be imprisoned for any term of years or for life.
That section further defines "unlawful activity" to include "any business enterprise involving . . . narcotics or controlled substances." 18 U.S.C. § 1952(b)(1).

races is not a qualifying "crime of violence" under §§ 4B1.1 and 4B1.2). Therefore, if Morelock's § 1952 conviction falls under this definition, it would be a qualifying predicate crime for purposes of § 4B1.1.

In determining whether a prior conviction under a statute such as § 1952 is a "controlled substance offense," we follow the approach laid out by the Supreme Court in *Shepard v. United States*, 544 U.S. 13 (2005). *See United States v. Galloway*, 439 F.3d 320, 324 (6th Cir. 2006). Thus, "[i]f . . . 'the relevant statute of conviction does not supply a clear answer to [whether the defendant committed a controlled substance offense] the sentencing court may consult the indictment and either the jury instructions or plea agreement for the specific conduct with which the defendant was charged in order to appropriately characterize the offense.'" *Id.* at 323 (quoting *Martin*, 378 F.3d at 581) (alteration in original); *see also Montanez*, 442 F.3d at 489 (same). When considering the underlying conduct, the district court may not look only to the factual description of the offense contained in the PSR. *See United States v. Wynn*, 579 F.3d 567, 575–76 (6th Cir. 2009). In this case, the PSR was the only evidentiary record of the factual circumstances of Morelock's § 1952 conviction. However, because both Morelock's trial and appellate counsel conceded that the conduct underlying his § 1952 conviction was drug trafficking, it was not plain error for the district court to conclude that the § 1952 conviction was a qualifying "controlled substance offense" under § 4B1.2 and designate Morelock a career criminal under that provision. Such a designation neither affected Morelock's substantial rights nor affected the fairness, integrity, or reputation of the sentencing proceedings.

9

Accordingly, we hold that the district court committed no plain error in finding Morelock's § 1952 conviction to be a qualifying "controlled substance offense" under § 4B1.1 and affirm the district court's designation of Morelock as a career offender.

III.

The district court's "task is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of § 3553(a)(2)." *United States v. Klups*, 514 F.3d 532, 536 (6th Cir. 2008) (quoting 18 U.S.C. § 3553(a)). We review a district court's sentencing determination "'under a deferential abuse-of-discretion standard,' for reasonableness," *United States v. Lalonde*, 509 F.3d 750, 769 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 40 (2007)), "the district court's factual findings for clear error[,] and its legal conclusions *de novo*," *United States v. Bolds*, 511 F.3d 568, 579 (6th Cir. 2007) (citing *Lalonde*, 509 F.3d at 763). Reasonableness review of sentencing "has two components: procedural and substantive." *Bolds*, 511 F.3d at 578 (citing *Gall*, 552 U.S. at 50). However, because Morelock only challenges the substantive reasonableness of his sentence on appeal, we need only address this prong.[3] *See* Def.'s Br. at 8, 11.

---

[3]Morelock argues that his sentence is unreasonable for a number of reasons, several of which are readily dismissed. Given the preceding discussion, we need not again address his assertions that § 1952 was an improper predicate conviction for career-offender purposes and led to a miscalculation of the applicable Guidelines range. *See* Def.'s Br. at 11. Furthermore, we are jurisdictionally barred from reviewing Morelock's appeal to the extent that he argues that the district court erred in declining to grant the government's § 5K1.1 motion in full. *See United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) ("When the district court grants a downward departure for substantial assistance and the defendant's claim on appeal goes only to the extent of the departure, this Court has no jurisdiction over the appeal." (internal quotation marks and citation omitted)). We therefore limit our review to the "overall reasonableness of the sentence." *See United States v. Gapinski*, 561 F.3d 467, 475 n.3 (6th Cir. 2009).

In evaluating substantive reasonableness, we examine "whether the length of the sentence is reasonable in light of the § 3553(a) factors." *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008). To that end, we must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. "A sentence is substantively unreasonable where the district court 'select[ed] the sentence arbitrarily, bas[ed] the sentence on impermissible factors, . . . or [gave] an unreasonable amount of weight to any pertinent factor.'" *United States v. Recla*, 560 F.3d 539, 549 (6th Cir. 2009) (alteration in the original) (quoting *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)).

In reviewing Morelock's sentence, we "consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. The record shows that the district court carefully considered each of the § 3553(a) factors and Morelock's proposed justifications for a variance and gave detailed reasons for imposing the sentence that it did. The district court addressed Morelock's age and medical history, his wife's illness, and his productive work history. DE 130 at 29–33. It considered the extent of his cooperation with the authorities and whether the career offender status overrepresented his criminal history. *Id.* at 7–11, 22–23. The district court found that Morelock's cooperation had been important, but had led only to the prosecution of two of his customers and two relatively unimportant couriers. *Id.* at 22–23. The district court cited the lack of prosecution of more important figures in the drug trade as its reason for not granting in full the government's § 5K1.1 motion to depart to a base offense level of 24. *See id.* at 23. The district court further determined that Morelock's history of involvement in marijuana trafficking in Ohio over several decades

11

demonstrated that he was likely to offend again and that previous lenient sentences had not provided a sufficient deterrent. *Id.* at 30. Nevertheless, the district court did grant a significant downward departure from a base offense level of 34 to 26, and imposed a sentence 44 months less than the sentence recommended by the PSR. Sentencing Recommendation at 1; DE 96 at 2; DE 130 at 22–23, 33.

Given the district court's thorough consideration of the § 3553(a) factors, the arguments for a variance raised by Morelock, and the Guidelines range of 188 to 235 months for Morelock's offense level and criminal history, we cannot conclude that the district court abused its discretion by sentencing Morelock to 144 months. Nor can we say that the sentence was arbitrarily imposed. It was only slightly harsher than the sentence sought by the government—and advocated by Morelock—in its § 5K1.1 motion. The district court found that Morelock was entitled to a downward departure for substantial assistance but not to the full extent urged in the motion. *Id.* at 22–23. A eight offense-level downward departure rather than a ten-level departure is consistent with this reasoning and, therefore, not arbitrary. We consequently hold that the sentence imposed was reasonable and affirm on that ground.

IV.

"A district court's failure to grant a downward departure may only be reviewed upon appeal if the lower court erroneously believed that it lacked authority to grant such a departure as a matter of law." *United States v. Cook*, 238 F.3d 786, 790–91 (6th Cir. 2001) (citing *United States v. Owusu*, 199 F.3d 329, 349 (6th Cir. 2000)). On appeal, we presume the district court's awareness of its discretion to depart. *See United States v. Byrd*, 53 F.3d 144, 145 (6th Cir. 1995). Furthermore,

12

"while we [have] held that a sentencing court *may* impose a sentence below the career offender guideline based on a policy disagreement with that guideline . . . it is certainly not *required* to do so." *United States v. Smith*, No. 08-1494, 2009 WL 3486631, at *3 (6th Cir. Oct. 29, 2009) (citing *United States v. Michael*, 576 F.3d 323, 327 (6th Cir. 2009)) (emphasis in original).

Morelock's representation that the district court was unaware of its discretion to depart downward is inaccurate. The district court explicitly took notice of its discretion to depart from the Guidelines range produced by applying § 4B1.1 and equally clearly declined to do so. *See* DE 130 at 4–11. After hearing arguments from both parties, the district court stated:

> Yes, the Court does have the authority, in some circumstances, to depart downward from the guidelines, but here the controlling question would be whether or not the criminal history category and the total offense level as calculated overrepresents the seriousness of the defendant's criminal history. And I have no hesitation in concluding that it does not. Mr. Morelock seems to be the kind of offender that falls squarely within the intention of the guidelines in creating this special category. He is, indeed, a career offender, and he is properly categorized as such.

DE 130 at 10. The record demonstrates, therefore, that Morelock's assertion that the district court was unaware of its discretion is inaccurate, and, consequently, precludes appellate review of this claim. *See Cook*, 238 F.3d at 790–91.

V.

For the foregoing reasons, we affirm the sentence imposed by the district court.

13